519 P.2d 63

The STATE of Arizona, Appellee,

v.

John RUFFIN, Appellant.

No. 2764.

Supreme Court of Arizona,
In Banc.
Feb. 27, 1974.

Gary K. Nelson, Atty. Gen. by Frank T. Galati, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa Co. Public Defender by Rudy Gerber, Special Deputy Public Defender, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a jury verdict and judgment of guilt to the crime of assault with a deadly weapon, § 13–249, as amended 1967, A.R.S., and a sentence thereon of not less than twenty nor more than thirty years in the Arizona State Prison.

We are called upon to answer only one question on appeal and that is whether the trial court erred in denying defendant's request for change of venue because of prejudicial pretrial publicity.

The facts necessary for a determination of this matter on appeal are as follows. On 24 May 1972, the defendant was seen leaving the Valley National Bank Office at 19th Avenue and Van Buren in Phoenix, Arizona, with a large sack filled with money that he had obtained as a result of a bank robbery. Officer Waddell, an off-duty officer, observed the defendant running along the street and attempted to halt the defendant. The defendant, in response, pulled a pistol from his pocket and fired several shots at the officer. The officer radioed for help and other police officers arrived at the scene. During this time a local television station crew arrived in time to film both the arrival of the other police officers, to interview Officer Waddell, and to film the actual surrender and arrest of the defendant. The station, KOOL–TV of Phoenix a))rea, and its newscast had the mercially operated television stations in the Phoenix, Arizona, was one of five com- highest rating of the five stations. On the 6:00 p. m. evening news on 24 May 1972, the station gave the arrest of the defendant three minutes and nineteen seconds of coverage. On the 10:00 p. m. news that evening, the coverage was over two minutes, and on the 10:00 a. m. news the fol-

lowing morning, 25 May 1972, two more minutes of coverage of the arrest were shown. Other television stations in the Phoenix metropolitan area carried similar exposure. Defendant was mentioned by name in the telecasts.

Prior to the empaneling of the jury, the defendant moved for a change of venue which motion was denied. After an extensive hearing at which time the telecast on KOOL–TV and another television station were shown to the court, the jury was then empaneled and some questions were directed to the jury regarding the prior television coverage. However, the responses to the general questions were generally negative, and only one juror testified that he had a clear recollection of seeing the news broadcast:

"MR. DIETTRICH: * * *
Is there anybody now after having heard a few more facts than were initially given to you at the reading of the indictment that may think that they may have some prior knowledge of that alleged incident?

"Yes.

"MR. SCHNEIDER: I do now, after having heard everything, recall having seen the incident on television on the 10:00 o'clock News on the 25th, which would have been the day after the incident. I work evenings.

"MR. DIETTRICH: And, by what you saw depicted on television concerning this incident, if what you saw was in fact—concerned this incident, would that have any bearing, or have any effect on your decision, and listen to the evidence that's presented here in Court from the witness stand?

"MR. SCHNEIDER: No, because I think that what I saw on television did not present a true picture of everything that occurred, to my mind."

Mr. Schneider was not challenged for cause by the defense counsel nor was he excused preemptorily. One prospective juror indicated he had heard something on

the radio but didn't remember what it was, and another said that she regularly watched KOOL–TV News but did not remember the incident.

■ While a change of venue should be granted when it is apparent that the defendant cannot have a fair trial in the county in which he is to be tried, this is a matter primarily within the sound discretion of the trial court. State v. Gause, 107 Ariz. 491, 497, 489 P.2d 830, 836 (1971).

In a case that attracted wide local, in addition to nationwide publicity, we stated:

"A change of venue or a continuance are not granted as a matter of right but are, rather, matters addressed to the sound discretion of the trial judge. We have often held that a trial judge's ruling on a motion for change of venue or a continuance will not be disturbed on appeal unless a clear abuse of discretion appears and is shown to be prejudicial to defendant's cause. (citations omitted) The trial judge is granted this discretion because he is the only unbiased party to an action who is in a position to observe the entire proceeding with an unjaundiced eye. He can observe the prospective jurors and witnesses, their testimony, demeanor and behavior, as well as the attitudes and crosscurrents of the community in determining whether any actual or supposed prejudice exists—such as would necessitate a change of venue or continuance. For this reason rulings on such motions are left to the sound discretion of the trial judge. We find no abuse of discretion here." State v. Schmid, 107 Ariz. 191, 193. 484 P.2d 187, 189 (1971).

■ We have read the motion for change of venue and the reporter's transcript of the hearing held thereon, as well as the voir dire of the jury panel prior to the selection of the jury. We find no abuse of the trial court's discretion.

Judgment affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.